IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENTEC POLYMERS, LLC, § | |
|     Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-08-2502 |
| § | |
| TEK-RAP, INC., TEK-RAP, LLC, § | |
| and JOHN C. DEMORE, § | |
|     Defendants. § | |

**MEMORANDUM AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS AS MOOT**

Before the Court is Defendant's Motion to Dismiss (Document No. 6). Having considered the motion, Plaintiff's response, and the applicable law, the Court ORDERS[1], for the reasons set forth below, that the Defendant's Motion to Dismiss is DENIED as moot.

**I.      Background**

On August 15, 2008, Plaintiff Entec Polymers, LLC brought suit against Defendants Tek-Rap, LLC and John C. Demore in the Southern District of Texas for breaches of contract and personal guaranty. The basis of Entec's suit against Tek-Rap and Demore is contained in its Verified Original Complaint:

> In January 2008, Tek-Rap agreed to Entec's credit terms through a credit application for the purpose of establishing a relationship through which Tek-Rap could purchase plastic resin and related materials from Entec on a credit basis. A true and correct copy of that credit application [was] attached as Exhibit 1.

---

[1] On January 8, 2009, the parties consented to trial before the undersigned Magistrate Judge. Upon consent, the case was transferred to the Magistrate Judge for all proceedings. (Document No. 23).

> Tek-Rap proceeded to order plastic resin and related materials from Entec under the terms and conditions of the Credit Application.  Entec forwarded an invoice for payment with each delivery of resin; each invoice was subject to a payment term of " net 30" and the other terms and conditions expressed in the Credit Application.
>
> As of the date of th[e] petition, Tek-Rap ordered and received plastic resin material… but has failed in whole or in part to make payments [toward a $280,103.00 balance].

Plaintiff's Verified Original Complaint at 2-3.

On October 15, 2008, Demore filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing the Verified Original Complaint filed by Entec included language from a personal guaranty made by " Tek-Rap, Inc." for purchases made from " Entec Polymers, Inc.," neither of whom were parties in the instant case.  Demore argues Entec has failed to state a claim upon which relief may be granted since all of Entec's claims are based on a personal guaranty issued by " Tek-Rap, Inc." rather than Demore.  According to the record, Entec filed a response to Demore's Motion to Dismiss on November 4, 2008, in which it argued a scrivener's error, such as the one highlighted by Demore in his motion, was insufficient to warrant granting of the motion and did not invalidate Demore's personal guaranty.  (Document No. 8).

Entec amended its petition on November 4, 2008, to include defendant " Tek-Rap, Inc." (Document No. 9) to which Demore filed an amended answer (Document No. 10) on November 12, 2008.  In his answer, Demore denied the credit application contained his personal guaranty and asserted affirmative defenses of fraud, mistake, lack of reliance and Entec's failure to mitigate damages.  Further, Demore entered a counterclaim of fraud by failure to disclose the " Credit Application" was in fact a request for a personal guaranty on which an administrative

error was made when a rubber stamp of his signature was placed on the document.

After some confusion over the correct names of all the parties involved, on December 10, 2008, Entec filed a second amended verified complaint in which it identified JM Acquisition, LLC as having acquired all assets of Tek-Rap, Inc. which then changed its name to Ole Humphrey Corp. (Document No. 17). At about the same time, JM Acquisition filed a certificate to do business in Texas as Tek-Rap, LLC. The style of the case identified only Tek-Rap, LLC, Tek-Rap, Inc. and Demore as defendants. On December 19, 2008, Demore filed a second amended answer (Document No. 19) reasserting his denial he was the cause or proximate cause of any breach of contract, added the affirmative defenses of statute of frauds, failure and/or lack of consideration, ambiguity and included an additional counterclaim of negligent misrepresentation.

**II.    Discussion**

To prevail on a motion to dismiss on an ordinary claim under Rule 12(b)(6), a defendant must show "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *See Vanderbrook v. Unitrin Preferred Ins. Co.*, 496 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl.*, 127 S.Ct. at 1964-65. (citations, quotations marks, and brackets omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Vanderbrook*, 495 F.3d at 205 (internal quotation marks omitted) (quoting *Bell Atl.*, 127 S.Ct. at 1965).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 306, 213 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Demore filed his Motion to Dismiss on October 15, 2008 when the live pleading was Entec's Verified Original Complaint. He is not required to file a new motion to dismiss simply because an amended pleading was introduced while his motion was pending. If some of the defects raised in the original motion remain in the new pleading, the Court may simply consider the motion as being addressed to the amended pleading. Here, however, in subsequently amended complaints, Entec has corrected its scrivener errors and fully explained the identities of all interested persons to the suit. Therefore, Demore's grounds for his Motion to Dismiss have been adequately addressed and accordingly, his Motion to Dismiss must be denied as moot.

**III.     Conclusion and Order**

Based on the foregoing, it is ORDERED that Defendant John C. Demore's Motion to Dismiss (Document No. 6) be DENIED as moot.

Signed at Houston, Texas, this 12th day of March, 2009.

Frances H. Stacy
United States Magistrate Judge